UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

JEAN-MARIE LAWRENCE,

    Plaintiff,

vs.                                              CASE NO: 1:18-CV-172

DEW EDNEY, LLC.

    Defendant.
_____/

## COMPLAINT

Plaintiff, Jean-Marie Lawrence ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues DEW EDNEY, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Eastern District of Tennessee pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Eastern District of Tennessee.

3. Plaintiff, Jean-Marie Lawrence (hereinafter referred to as "Lawrence"), is a resident of the State of Tennessee and is a qualified individual with a disability under the ADA. Lawrence suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of

1

1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from Limb Girdle Muscular Dystrophy, has limited use of her upper extremities and requires a wheelchair for mobility. Prior to instituting the instant action, Lawrence visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Lawrence continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, DEW EDNEY, LLC is a limited liability company registered to do business and, in fact, conducting business in the State of Tennessee. Upon information and belief, DEW EDNEY, LLC (hereinafter referred to as "DEW EDNEY") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically the Edney Innovation Center, located at 1100 Market Street, in Chattanooga, Tennessee (hereinafter referred to as the "Building").

5. All events giving rise to this lawsuit occurred in the Eastern District of Tennessee.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Building owned by DEW EDNEY is a place of public accommodation in that it is a that it is an office building and event rental space operated by a private entity that provides goods and services to the public.

8. DEW EDNEY has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Building in derogation of 42 U.S.C §12101 *et seq*.

9. Lawrence has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Building owned by DEW EDNEY. Prior to the filing of this lawsuit, Lawrence visited the Building at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers listed in Paragraph 11, below, that she personally encountered. In addition, Lawrence continues to desire and intends to visit the Building, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access which remain at the Building in violation of the ADA. Lawrence has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. DEW EDNEY is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

  (i) There is no wheelchair accessible route to access the roof;

  (ii) Events are routinely held on the roof despite the lack of wheelchair access, thus excluding wheelchair users on the basis of disability.

12. There are other current barriers to access and violations of the ADA at the Building owned and operated by DEW EDNEY that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, DEW EDNEY was required to make its Building, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, DEW EDNEY has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by DEW EDNEY pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against DEW EDNEY, LLC, and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B.  That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.  That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.  That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.  That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 27th day of July, 2018.

Respectfully submitted,


By:   s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
Alabama State Bar No.: ASB-1564-L54E



**OF COUNSEL:**
Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Drive
Birmingham, Alabama 35242
Telephone:   (205) 822-2701
Email:           edwardzwilling@zwillinglaw.com

5